# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

MARCUS C. FUNCHES,

    *Defendant.*

Case No. 14-40014-EFM-1

## MEMORANDUM AND ORDER

This matter comes before the Court on the Government's Motion to Toll Speedy Trial (Doc. 35) under the Speedy Trial Act. The Government contends that under 18 U.S.C. § 3161(h)(1)(B) the speedy trial clock should be tolled while Defendant Marcus Funches is in custody awaiting criminal proceedings on other charges in Arizona state court. The Court agrees that the speedy trial clock must be tolled under the statute and grants the Government's motion.

### I. Factual and Procedural Background

On February 13, 2014, a federal grand jury indicted Marcus Funches on four counts related to making and passing counterfeit obligations of the United States. The charges stem from offenses that occurred on or about December 27, 2013, in the District of Kansas. Funches was arrested in Chicago and was arraigned in the District of Kansas on March 18, 2014. Funches was granted pretrial release.

Funches later was charged in the Maricopa County, Arizona Superior Court with offenses that occurred there in December 2013. Funches was arrested again May 6, 2014, in Chicago and has remained in custody on the Arizona charges since that date. His next court appearance in Arizona is scheduled for July 11, 2014. The Government has filed this Motion to Toll Speedy Trial.

## II. Legal Standard

The Speedy Trial Act requires that the trial of an indicted defendant must start within 70 days after the indictment or arraignment, whichever occurs later.[1] Certain days are not counted as part of these 70 days.[2] Under 18 U.S.C. § 3161(h)(1)(B), among the excluded time is "[a]ny period of delay resulting from other proceedings concerning the defendant, including . . . delay resulting from trial with respect to other charges against the defendant."[3] Time also may be excluded if the district court grants a continuance based on findings that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[4]

## III. Analysis

The Government has moved to toll the time for speedy trial under 18 U.S.C. § 3161(h)(1)(B) because Funches is in custody for similar state charges in Arizona. Funches has been in custody since May 6, 2014, and his next Arizona court appearance is July 11, 2014. The Government argues that the time that Funches has been in Arizona custody should be excluded

---

[1] 18 U.S.C. § 3161(c)(1).

[2] 18 U.S.C. § 3161(h).

[3] 18 U.S.C. § 3161(h)(1)(B).

[4] 18 U.S.C. § 3161(h)(7)(A).

from the 70-day time limit of the Speedy Trial Act. Funches opposes the motion, arguing that the language of the statute excludes only the time he is actually on trial. He adds that any other time he spends awaiting trial should not be excluded unless the Government shows that it has made an unsuccessful effort to obtain his presence for trial before this Court.

Here, the question is whether a "delay resulting from trial" includes only the time of trial—jury selection to verdict—or whether it also includes pretrial detention and trial preparation. The Tenth Circuit has not addressed the issue. The weight of authority from other jurisdictions indicates that the exclusion of the delay resulting from trial with respect to other charges is not limited to the period during which the defendant is actually on trial.[5]

For example, the Fourth and Sixth Circuits have held that the time from a defendant's arrest until sentencing is excludable.[6] Similarly, the Fifth Circuit has held that a federal trial judge has discretion to exclude "all of the time spent in state custody because of state proceedings" from the speedy trial calculation as a delay resulting from trial.[7] Likewise, the Ninth Circuit has held that the district court may exclude "the period of time utilized in making necessary preparations for trial" in addition to the trial itself.[8] The Seventh Circuit has rejected the idea that delay resulting from trial includes only the time spent during an actual trial and

---

[5] *See* 9A Federal Procedure, Lawyer's Edition § 22:1313.

[6] *United States v. Robinson*, 887 F.2d 651, 658 (6th Cir. 1989); *United States v. Shear*, 825 F.2d 783, 785-86 (4th Cir. 1987).

[7] *United States v. Bigler*, 810 F.2d 1317, 1320 (5th Cir. 1987).

[8] *United States v. Lopez-Osuna*, 242 F.3d 1191, 1198 (9th Cir. 2000).

agreed that the delay resulting from trial with respect to other charges must necessarily encompass preparations for trial regardless of whether a trial actually occurs.[9]

Funches' argument against tolling the speedy trial clock relies on a 1975 concurring opinion from the Second Circuit that reasoned that only the time that a defendant is actually on trial should be excluded from a similar speedy trial calculation based on circuit rules—unless the government has made reasonable efforts to secure the defendant's presence.[10] One lower court in the same circuit applied this rationale to the Speedy Trial Act language at issue here, concluding that a pending state proceeding does not toll the speedy trial clock—except to exclude the time of actual trial—"unless the government shows that it has made diligent, but unsuccessful, efforts to obtain a defendant's presence for his federal trial."[11] Funches asserts that the Government has not made such a diligent effort, noting that it has yet to file a writ of habeas corpus ad prosequendum to ensure his appearance in federal court. At the motion hearing, Funches' counsel acknowledged that this argument represents the minority view.

This district, in Judge Rogers' unpublished order in *United States v. Morris*, has followed the majority view to conclude that the "exclusion applies to the entire other prosecution, not just the presentation of evidence before a jury or judge."[12] In *Morris*, this district determined that the exclusion automatically applies.[13] Accordingly, the district court ruled that the speedy trial clock

---

[9] *United States v. Bailey*, 957 F.2d 439, 444 (7th Cir. 1992); *United States v. Montoya*, 827 F.2d 143, 149 (7th Cir. 1987).

[10] *United States v. Oliver*, 523 F.2d 253, 261 (2d Cir. 1975) (Lumbard, J., concurring) (interpreting Rule 5(a) of the Second Circuit Rules Regarding Prompt Disposition of Criminal Cases).

[11] *United States v. Morales*, 460 F. Supp. 668, 669 (E.D.N.Y. 1978).

[12] *United States v. Morris*, 1999 WL 571056, at *3 (D. Kan. July 27, 1999) (listing cases).

[13] *Id.*

-5-

was tolled from the time of the defendant's arrest on state charges until the state proceedings were concluded.[14]

This Court agrees with the majority view and the rationale previously expressed in this district. It is clear that Funches faces other charges in Arizona and is the subject of criminal proceedings leading to trial there. As a result, those proceedings necessarily have caused a delay in trial and trial preparations in this district. The Court finds that the statutory requirements are met and that the speedy trial clock must be tolled. Accordingly, the Court finds that the speedy trial clock is tolled from May 6, 2014—when Funches was arrested on the Arizona charges—until the Arizona proceedings have concluded.

**IT IS THEREFORE ORDERED** that the Government's Motion to Toll Speedy Trial (Doc. 35) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 19th day of June, 2014.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[14] *Id.*